UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENTE BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00994-JMS-TAB |
| | ) | |
| CHRISTINA REAGLE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
DENYING PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Kente Barker alleges that he is a parolee under the supervision of the Indiana
Department of Correction and the Parole Services Division. Dkt. 1 at 11. He claims that the
defendants—State of Indiana; Christina Reagle, Commissioner of the Indiana Department of
Corrections (IDOC); Gwendolyn M. Horth, Chair of the Indiana Parole Board; Charles Miller,
Vice Chair of the Indiana Parole Board; Drew Adams, of the Indiana Parole Board; Frederick
Medly, of the Indiana Parole Board; James Shaffer, of the Indiana Parole Board; and the Indiana
Public Defenders Agency—have denied all parolees due process as required by the Fourteenth
Amendment. *Id.* at 1 and 12. He requests a preliminary injunction and a temporary restraining
order to "stop the Defendants actions against all parolees, that could be subjected to their 14th
Amendment Constitutional violations." Dkt. 1 at 11. For the reasons explained below, Mr. Barker's
motion to proceed without the prepayment of the filing fee, dkt. [2], is **granted**, and his requests
for preliminary injunctive relief, dkts. [3] and [4], are **denied.**

**I.  Filing Fee**

Mr. Barker's motion for leave to proceed *in forma pauperis* is **granted**. Dkt. [2].

### II. Temporary Restraining Order and Motion for Preliminary Injunction

Mr. Barker has filed a motion for temporary restraining order and motion for preliminary injunction. He claims that Defendants have denied all parolees due process as required by the Fourteenth Amendment. Dkt. 1 at 12. He requests a preliminary injunction and a temporary restraining order to "stop the Defendants actions against all parolees, that could be subjected to their 14th Amendment Constitutional violations." Dkt. 1 at 11. Specifically, he seeks a preliminary injunction declaring that Indiana Codes §§ 11-13-3-9, 11-13-3-9, and 11-13-3-10 violate the Fourteenth Amendment. *Id.* at 12. Mr. Barker alleges that parolees are taken into custody without a preliminary hearing, sufficient cause, or independent review and then reincarcerated. Parolees are denied counsel, adequate notice, and information about the specific allegations against them during parole revocation proceedings. Dkt. 1 at 8. They are denied access to the evidence used against them and are not given a report explaining their re-parole denials. *Id.* "As a result of the defendants' policies, procedures, and customs, all parolees are constantly rotated in and out of the prison system-often as a result of non-criminal, technical parole violations, and often based upon unsubstantiated accusations that the parolee committed a new criminal offense." Dkt. 1 at 10-11.

These claims were previously raised in *Barker v. Reagle* but because Barker was incarcerated as a result of an allegedly deficient parole revocation at the time he filed that lawsuit, the case was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Barker v. Reagle*, No. 22-2572, 2023 WL 2931290, at *1 (7th Cir. Apr. 13, 2023).

Mr. Barker seeks to restrain the defendants "from serving on any Parole/Re-parole hearing against Barker, and any and all parolees that come up for revocation hearings." Dkt. 3 at 1. Mr. Barker alleges that Indiana parole board hearings do not comply with *Morrissey v. Brewer,* 408 U.S. 471 (1972) because they do not 1) consider whether the parolee is entitled to counsel;

2) provide advance notice of the hearing and violations alleged; 3) give parolee the opportunity to provide or review evidence; or 4) provide a written statement by neutral fact finders regarding the evidence relied on and the reason for revoking parole. Dkt. 3 at 3.

### A. Preliminary Injunction Standard

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See International Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). Given the substance of the relief sought, the motion for a temporary restraining order is better understood as a motion for preliminary injunction. This is because "[a] temporary restraining order may not exceed 14 days without good cause." *Decker v. Lammer*, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)).

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

3

**B. Discussion**

For the reasons explained below, the plaintiff has not established the three threshold requirements necessary for preliminary injunctive relief. He has not offered sufficient evidence to demonstrate a likelihood of success on the merits, nor has he shown that irreparable harm is likely if the injunctive relief sought is not granted.

### 1. Likelihood of Success on the Merits

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

In this case, Mr. Barker seeks to enforce the rights of all parolees. But as a pro se litigant and a non-attorney Mr. Barker may not represent others in district court. *See Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear than an individual may appear in the federal courts only pro se or through counsel."); *Bronk v. Utschig*, No. 12-cv-832-WMC, 2012 WL 6586485 (W.D. Wis. Dec. 17, 2012) ("The right to litigate pro se is personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others. In other words, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer in federal court."); 28 U.S.C. § 1654.

At present, Mr. Barker can only point to his own experiences regarding the process he received at his prior parole revocation proceeding. That single experience supported by statements made under penalty of perjury is insufficient to find that the application of state statutes and all

Indiana parole revocation proceedings are unconstitutional. Dkt. 5 at 7. Mr. Barker may be able to present evidence in the future that demonstrates that he is entitled to the relief sought, but the record does not include sufficient proof by a preponderance of the evidence that Mr. Barker is entitled to halt all future parole revocation proceedings and set aside state law.

### 2. Irreparable Harm

Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr*, 953 F.3d at 502 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). The plaintiff must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* (cleaned up).

In this case, Mr. Barker alleges that he is "threatened with irreparable harm because of the nature of the defendants action in willfully violating all parolees rights." Dkt. 5 at 4. But this threat of future harm is speculative and there is no evidence that he is likely to be charged with additional parole violations or subjected to a future parole revocation proceeding.

The plaintiff has not met his initial burden of demonstrating the three threshold requirements necessary for preliminary injunctive relief, and while this ends the Court's consideration of the present motion, the plaintiff is notified that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Accordingly, the plaintiff should not seek to renew his motion for preliminary injunction until the complaint has been screened, 28 U.S.C. § 1915(e), and the defendants have been served.

### III. Conclusion

For the foregoing reasons, the motion for leave to proceed *in forma pauperis,* dkt [2], is

**granted** and the motions for temporary restraining order and preliminary injunction, dkts. [3]

and [4], are **denied without prejudice**.

IT IS SO ORDERED.

Date: 6/9/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KENTE BARKER
2725 N. Parker Ave.
Indianapolis, IN 46218

6